**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., AMERICAN FAMILY LIFE INSURANCE COMPANY, and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, | ) ) ) ) ) |
| | ) Case No. |
| Plaintiffs, | ) ) |
| | ) |
| v. | ) |
| | ) |
| JOSHUA VAN DORN, | ) |
| Serve at: | ) |
| 805 W Main Street, Suite A | ) |
| Blue Springs, MO 64014 | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COME NOW Plaintiffs American Family Mutual Insurance Company, S.I., American Family Life Insurance Company, and American Standard Insurance Company of Wisconsin (collectively "American Family"), by and through their attorneys Sandberg Phoenix & von Gontard P.C., and for their action for damages and injunctive relief against Defendant Joshua Van Dorn ("Van Dorn," or "Defendant"), hereby allege as follows:

### PARTIES

1.      American Family are entities organized under the laws of the State of Wisconsin having their principal places of business located in Madison, Wisconsin.

2.      Van Dorn is a resident and citizen of the State of Missouri who is domiciled in the State of Missouri.

1

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action by virtue of 18 U.S.C. § 1836(c), because American Family brings a claim for Defendant's violation of federal law pursuant to the Defend Trade Secrets Act ("DTSA").

4.      In addition, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), because it is a civil action between residents of the State of Wisconsin (American Family) and residents of the State of Missouri (Defendant), and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendant because he is a resident of the State of Missouri, regularly conducts business in the State of Missouri, and the acts and omissions giving rise to this action occurred in the State of Missouri.

6.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because the defendant resides in this District, and a substantial part of the events or omissions giving rise to American Family's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

7.      All preceding paragraphs are incorporated by reference.

8.      Van Dorn was engaged as an independent contractor as an agent of American Family from August 2014 until his contract was terminated in December 2022.

9.      In his former capacity as an Agent for American Family, Van Dorn had the responsibility to sell American Family's insurance products and to interact directly with American Family's customers as the main point of contact and face of the company to those customers.  Van Dorn therefore had access to and used American Family's confidential and proprietary

2

information, and trade secrets including but not limited to American Family's customer lists, customer purchase histories, and customer contact information.

10.     Therefore, in connection with Van Dorn's engagement as an Agent of American Family, Van Dorn executed an American Family Agent Agreement (the "Agent Agreement"), executed effective June 1, 2015.

11.     A true and accurate copy of the Agent Agreement is attached hereto as *Exhibit A* and incorporated herein by reference.

12.     The Agent Agreement includes, among other things, an acknowledgement from Van Dorn that, while serving as an Agent of American Family, he would be receiving certain categories of non-public information, including "Customer Information," which the Agent Agreement defined as "'nonpublic personal information' as described in the Gramm-Leach-Bliley Act ('GBA'), about persons who are current [American Family] customers, former customers or may become customers" and "Proprietary Information," which the Agent Agreement defined as "Customer Information, financial information, marketing information, research and development information, and other data, goods or trade secrets related to [American Family], the products of [American Family], or the activities to be performed by [Van Dorn] on behalf of [American Family]." *Exhibit A*, Sections 4.l, 4.m.

13.     The Agent Agreement also includes an acknowledgement from Van Dorn that all Customer Information and Proprietary Information, as well as all copies of insurance policies, endorsements, policy records, manuals, and materials and supplies, whether furnished to him by American Family or gathered, furnished, developed, or maintained by him in his capacity as Agent, shall be and shall remain the "Company Property" of American Family.  *Exhibit A*, Section 4.n.

23883146.v1

14.     Van Dorn further agreed to use all Company Property only as necessary to perform services as an American Family Agent, not to disclose any Company Property to any other person or entity except to provide services under the Agreement, to require his employees to abide by these restrictions, and to take precautions to safeguard Company Property from Disclosure. *Id.*

15.     Van Dorn also agreed that all Company Property, whether stored on paper, electronic data file, or any other medium, is the exclusive property of American Family and that upon the Agent Agreement's termination, his right to use Company Property automatically and immediately ceased. *Id.*

16.     In order to enforce Van Dorn's promises regarding Customer Information, Proprietary Information, and Company Property and to protect the same, Van Dorn agreed for a period of one year following termination of the Agent Agreement, he would not either personally or through any other person, agency, company or organization directly or indirectly induce or solicit, attempt to induce or solicit or assist anyone else in inducing or soliciting or attempting to induce or solicit any policyholder of American Family credited to his account at the time of termination to lapse, cancel, replace or surrender any insurance policy in force with American Family. *Exhibit A*, Section 6.i.

17.     In order to further enforce the terms of the Agent Agreement, Van Dorn agreed if he did not "comply with all the provisions of this agreement, including without limitation Sections 4.n [and] 6.i.", i.e. the Company Property nondisclosure/nonuse provision and the customer non-solicitation provision, he would "immediately waive" all rights to certain "contract termination payments." *Exhibit A*, Section 6.k. Van Dorn agreed to return all such payments within 15 days of notice of non-compliance, and that this provision would not otherwise limit American Family's damages. *Id*.

23883146.v1

18.     The terms of Van Dorn's post-employment contract termination payments are set forth in a schedule to the Agent Agreement titled "Contract Termination Payment Schedule."

19.     On November 29, 2022, Van Dorn sent an email from his email account with American Family to the email account "jvandorn@aboveandbeyondins.com" with two attachments, including a letter to current customers regarding his intention of becoming an independent entity and a listing of customers from its password-protected computer database "Apex" (American Family's Expanded Household Company query), including confidential and proprietary information about the customers' prior purchase and policy history.

20.     A true and correct copy of the letter to current clients Van Dorn sent to himself to be sent to existing customers to solicit them is attached as *Exhibit B*.

21.     On or about November 30, 2022, Van Dorn ran book of business ("BOB") customer reports from American Family's password-protected database, which contain confidential and propriety information including the customers' prior purchase and policy history.

22.     The Apex database and BOB reports Van Dorn ran and retained contained non-public confidential information regarding customer identities, contact information, prior sales histories, premium information, and personal information about the customers' real and personal property relevant to their current and former insurance policies, assembled by American Family over the course of American Family's relationship with the customer.

23.     Based on the private and sensitive nature of the information contained on its Apex database and BOB reports, American Family maintains privacy protections for the databases, including utilizing login credentials with passwords that change every thirty days.

24.     Access to Apex database and BOB reports for individual agents and their respective books of business is further restricted to specified individuals within American Family.

23883146.v1

25. On December 1, 2022, upon learning of Van Dorn's plans to establish the Van Dorn Agency and upon discovering Van Dorn's download of American Family's database information and reports, American Family terminated Van Dorn as an Agent.

26. Sometime thereafter, Van Dorn began operating Van Dorn Agency independently under the fictious name Above & Beyond Insurance Solutions at the same location as his former American Family office.

27. On information and belief, Van Dorn retained American Family's Customer Information, Proprietary Information, and/or Company Property, which are the sole and exclusive possession of American Family, only to be used on behalf of American Family.

28. On information and belief, Van Dorn is using those American Family's Customer Information, Proprietary Information, and/or Company Property for his own personal benefit and to the detriment of American Family, including by actively soliciting American Family's customers.

29. On information and belief, Van Dorn is continuing to use Customer Information, Proprietary Information, and/or Company Property.

30. American Family is aware of a number of policy cancelations by customers and policyholders whom Van Dorn previously serviced as an American Family Agent using American Family's Customer Information, Proprietary Information, and/or Company Property.

31. American Family has been contacted by numerous of its customers and policyholders to confirm their coverage and rates with American Family after those customers have been contacted and solicited by Van Dorn.

23883146.v1

32.     American family expects a small amount of customer attrition when any change of agent occurs, typically between 3%-10%.  The attrition from accounts previously solicited by Van Dorn far exceeds the normal amount due to his solicitation of prohibited customers.

33.     When American Family became aware of the customer contacts and solicitations by Van Dorn, American Family contacted Van Dorn by telephone and correspondence in an attempt to secure his compliance with the Agent Agreement.

34.     Specifically, on May 26, 2023, American Family sent correspondence to Van Dorn through counsel reminding him of his obligations not to use or disclose American Family's confidential business information and demanding that he immediately cease and desist from any further solicitation of its customers.

35.     A true and accurate copy of American Family's May 26, 2023 letter and its enclosure are attached as *Exhibit C*.

36.     Van Dorn has denied breaching the Agreement.

37.     However, American Family's business records, including communications with its current customers about Van Dorn's solicitations and the records of the numerous policy cancelations for accounts serviced by Van Dorn, refute his denials.

38.     Therefore, on June 2, 2023, American Family by and through its counsel sent additional correspondence to Van Dorn, outlining the records demonstrating his solicitation.  That letter also requested Van Dorn provide records regarding any policies he sold at his new agency to former customers he previously serviced for American Family.

39.     A true and accurate copy of American Family's June 2, 2023 letter and its enclosures are attached as *Exhibit D*.

23883146.v1

40.     Van Dorn has not to date responded to American Family's June 2, 2023 letter in any respect.

41.     Based on Van Dorn's failure to respond to its prior letters or provide the requested information and documents, on June 16, 2023, American Family in an additional attempt to seek Van Dorn's voluntary compliance with the Agent Agreement, sent additional correspondence to Van Dorn requesting him to comply with his continuing obligations under the Agent Agreement immediately, and that he acknowledge receipt of the letters by June 19, 2023.

42.     A true and accurate copy of American Family's June 16, 2023 letter is attached as *Exhibit E.*

43.     Van Dorn has not to date responded to American Family's June 16, 2023 in any respect.

44.     Van Dorn continues to actively solicit prohibited American Family customers and continues to use American Family's confidential business records to compete against it.

45.     Van Dorn's use of American Family's Customer Information, Proprietary Information, and/or Company Property to solicit customers is in direct breach of the non-disclosure covenant contained in the Agency Agreement with American Family.

46.     By soliciting and selling to American Family's customers, Van Dorn is in direct breach of the non-solicitation covenant he agreed to that is contained in the Agent Agreement.

47.     Van Dorn's use of American Family's trade secrets and confidential business information and contractual breaches have caused and continue to cause American Family irreparable harm and damage.

48.     Because Van Dorn has refused to respond to American Family's reasonable requests for additional documentation and information regarding his use of its confidential

23883146.v1

business record and the solicitation of its customers as set forth in *Exhibits C, D* and *E*, American Family has no recourse but to seek legal relief.

49.     Van Dorn has further continued to receive and retain contract termination payments in spite of his breaches of the Agent Agreement.  American Family will continue to suffer this harm if Van Dorn is not enjoined from using American Family's confidential business records and information and soliciting and inducing American Family's customers or potential customers in competition with American Family.

50.     American Family has incurred attorneys' fees and costs in connection with seeking to prevent the use and disclosure of its trade secrets and confidential business information and in enforcing the terms of the Agent Agreement against Van Dorn, including through the preparation, filing and prosecution of this action, and will continue to incur additional attorneys' fees and costs until this matter is resolved.

## COUNT I – VIOLATIONS OF THE DEFEND TRADE SECRETS ACT, 18. U.S.C. §§ 1831 et seq.

51.     All preceding paragraphs are incorporated by reference.

52.     American Family's Confidential Information, Proprietary Information, and Company Property, specifically including the Apex database documents and BOB reports, are protectable as trade secrets under the Defend Trade Secrets Act, 18 U.S.C. 1831, et seq., in that they constitute financial and business information, which derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

53.     American Family's Confidential Information, Proprietary Information, and Company Property relates to services used or intended for use in interstate commerce.

54.     American Family's Confidential Information, Proprietary Information, and Company Property, specifically including the Apex database documents and BOB reports, constitute trade secrets within the meaning of the DTSA in that they are valuable to American Family and an essential and critical part of its business.

55.     American Family's Confidential Information, Proprietary Information, and Company Property, specifically including the Apex database documents and BOB reports, constitute trade secrets within the meaning of the DTSA in that American Family has invested considerable time, effort, and financial resources into developing and/or compiling the information for its business operations.

56.     American Family's Confidential Information, Proprietary Information, and Company Property, specifically including the Apex database documents and BOB reports, further constitutes trade secrets within the meaning of the DTSA in that American Family has undertaken efforts reasonable under the circumstances to maintain the secrecy of said Confidential Information, Proprietary Information, and Company Property by acknowledgment agreements to return such Confidential Information, Proprietary Information, and Company Property upon termination of the business relationship with American Family.

57.     American Family disclosed its Confidential Information, Proprietary Information, Company Property, and trade secrets to Van Dorn in circumstances giving rise to a duty to maintain the secrecy thereof and to limit the use thereof, in accordance with the Agent Agreement.

58.     On information and belief, Van Dorn, by improper means, in breach of contract, and without the consent of American Family, knowingly misappropriated, used, and disclosed this trade secret information, for which he had a duty to maintain secrecy, for the benefit of himself and his business, Van Dorn Agency, and to the detriment of American Family.

10

59.     Defendant therefore has used and/or will use this Confidential Information, Proprietary Information, Company Property, and trade secrets to enhance his own interests in order to directly compete with American Family.  This has included and/or may include the disclosure and misappropriation of the Confidential Information, Proprietary Information, Company Property, and trade secrets to usurp and attempt to usurp American Family's business opportunities, which information was learned and developed while Van Dorn was working as an agent for and on behalf of American Family.

60.     Defendant's misappropriation and use of American Family's Confidential Information, Proprietary Information, Company Property, has deprived American Family of the value of the trade secrets it has invested substantial resources in creating.  Defendant's misappropriation has and will continue to provide Defendant with an unfair competitive advantage over American Family in soliciting and taking American Family's current and prospective customers and other business opportunities in direct competition with American Family.

61.     Accordingly, Defendant has misappropriated the Confidential Information, Proprietary Information, Company Property, and trade secrets of American Family within the meaning of the DTSA and, therefore, has violated the DTSA.

62.     Further, Defendant has been unjustly enriched by Van Dorn's acts of misappropriation of trade secrets.

63.     In taking these actions, Defendant has acted intentionally, maliciously, or in reckless disregard of the rights of American Family such that an award of exemplary damages is justified under the DTSA.

64.     Defendant's actions, as described above, violate 18 U.S.C. §1832 *et seq*., which provides for civil remedies under the DTSA, 18 U.S.C. § 1836(b)(3)(B).

23883146.v1

65. Defendant's actions, as described above, also warrant injunctive relief to prevent Van Dorn from further disclosure of any of American Family's trade secrets pursuant to 18 U.S.C. §1836(b)(3)(A).

66. As a direct and proximate result of Defendant's conduct, as described above, Defendant has caused present and future damages to American Family in an amount to be proven at trial.

WHEREFORE, Plaintiff American Family respectfully prays this Court enter Judgment in favor of American Family and against Defendant as follows:

    a.    This Court enter an award for compensatory damages sustained by American Family as a consequence of Defendant's misappropriation and wrongful use or disclosure of American Family's trade secrets as proven at trial, including lost profits to American Family, and/or disgorgement of all profits and the unjust enrichment of Defendant associated with his improper and continuing use of American Family's trade secrets;

    b.    This Court enter an award of exemplary damages under the DTSA, in an amount sufficient to deter Defendant and others from any continuation, repetition, or like or related misconduct in violation of American Family's rights and interests in its trade secrets;

    c.    American Family's costs and actual attorneys' fees incurred as a result of this action be assessed against Defendant.

    d.    An Injunction:

        i.    Permanently enjoining Defendant from utilizing American Family's trade secrets and confidential information to directly or indirectly contact or

12

solicit any person or company that was a customer or had been solicited by American Family as a potential customer at the time of Van Dorn's termination, or any customer who had been a customer of American Family at any time during the twelve months previous to Van Dorn's termination;

ii.     Permanently enjoining Defendant from utilizing American Family's Confidential Information, Proprietary Information, Company Property, and trade secrets to directly or indirectly contact or solicit any person that was an employee, contractor, or consultant of American Family as a potential customer of American Family's at the time of Van Dorn's termination; and

iii.    Permanently enjoining Defendant from utilizing American Family's trade secrets and confidential information to directly or indirectly take any action which might induce any person or business dealing with American Family to cease dealing with American Family, reduce its level of business with American Family's, or otherwise begin dealing with someone other than American Family.

e.      American Family be granted such other and further relief including, but not limited to, an equitable accounting for all profits lost by American Family and/or reaped by Defendant in consequence of his misappropriation, wrongful use and disclosure of American Family's trade secrets, and an accounting as to all persons to whom the Confidential Information, Proprietary Information, and Company Property, or any portion thereof, has been disclosed by Van Dorn as the Court may deem just and proper.

23883146.v1

## COUNT II – VIOLATIONS OF THE MISSOURI UNIFORM TRADE SECRETS ACT, SECTION 417.450 RSMo et seq.

67.     All preceding paragraphs are incorporated by reference.

68.     American Family's Confidential Information, Proprietary Information, and Company Property, specifically including the Apex database documents and BOB reports, are protectable as trade secrets under the Missouri Uniform Trade Secrets Act, Section 417.450 RSMo et seq. ("MUTSA"), in that they constitute financial and business information which derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use.

69.     American Family's Confidential Information, Proprietary Information, and Company Property, specifically including the Apex database documents and BOB reports, constitute trade secrets within the meaning of the MUTSA in that they are valuable to American Family and an essential and critical part of its business.

70.     American Family's Confidential Information, Proprietary Information, and Company Property, specifically including the Apex database documents and BOB reports, constitute trade secrets within the meaning of the MUTSA in that American Family has invested considerable time, effort, and financial resources into developing and/or compiling the information for its business operations.

71.     American Family's Confidential Information, Proprietary Information, and Company Property, specifically including the Apex database documents and BOB reports, further constitute trade secrets within the meaning of the MUTSA in that American Family has undertaken efforts reasonable under the circumstances to maintain the secrecy of said Confidential Information, Proprietary Information, and Company Property by utilizing acknowledgment

23883146.v1

agreements to return such Confidential Information, Proprietary Information, and Company Property upon termination of the business relationship with American Family.

72.     American Family disclosed its Confidential Information, Proprietary Information, Company Property, and trade secrets to Van Dorn in circumstances giving rise to a duty to maintain the secrecy thereof and to limit the use thereof, in accordance with the Agent Agreement.

73.     On information and belief, Van Dorn, by improper means, in breach of contract, and without the consent of American Family, knowingly misappropriated, used, and disclosed this trade secret information, for which he had a duty to maintain secrecy, for the benefit of himself and his business, Van Dorn Agency, and to the detriment of American Family.

74.     Defendant therefore has used and/or will use this Confidential Information, Proprietary Information, Company Property, and trade secrets to enhance his own interests to directly compete with American Family.  This has included and/or may include the disclosure and misappropriation of the Confidential Information, Proprietary Information, Company Property, and trade secrets to usurp and attempt to usurp American Family's business opportunities, which information was learned and developed while Van Dorn was working as an agent for and on behalf of American Family.

75.     Defendant's misappropriation and use of American Family's Confidential Information, Proprietary Information, Company Property, and trade secrets has deprived American Family of the value of the trade secrets it has invested substantial resources in creating. Defendant's misappropriation will provide Defendant with an unfair competitive advantage over American Family in soliciting and taking American Family's current and prospective customers in direct competition with American Family.

23883146.v1

76.     Accordingly, Defendant has misappropriated the Confidential Information, Proprietary Information, Company Property, and trade secrets of American Family within the meaning of the MUTSA and, therefore, has violated the MUTSA.

77.     Further, Defendant has been unjustly enriched by Van Dorn's acts of misappropriation of trade secrets.

78.     In taking these actions, Defendant has acted intentionally, maliciously, or in reckless disregard of the rights of American Family such that an award of exemplary damages is justified under the MUTSA.

79.     Defendant's actions, as described above, violate Section 417.457 RSMo, which provides for civil remedies under the MUTSA, and Section 417.455 RSMo, which provides for injunctive relief.

80.     As a direct and proximate result of Defendant's conduct, as described above, Defendant has caused present and future damages to American Family in an amount to be proven at trial.

WHEREFORE, Plaintiff American Family respectfully prays this Court enter Judgment in favor of American Family and against Defendant as follows:

a.      This Court enter an award for compensatory damages sustained by American Family as a consequence of Defendant's misappropriation and wrongful use or disclosure of American Family's trade secrets as proven at trial, including lost profits to American Family, and/or disgorgement of all profits and the unjust enrichment of Defendant associated with his improper and continuing use of American Family's trade secrets;

23883146.v1

b.   This Court enter an award of exemplary damages under the MUTSA, in an amount sufficient to deter Defendant and others from any continuation, repetition, or like or related misconduct in violation of American Family's rights and interests in its trade secrets;

c.   American Family's costs incurred as a result of this action be assessed against Defendant.

d.   An Injunction:

i.   Permanently enjoining Defendant from utilizing American Family's trade secrets and confidential information to directly or indirectly contact or solicit any person or company that was a customer or had been solicited by American Family as a potential customer at the time of Van Dorn's termination, or any customer who had been a customer of American Family at any time during the twelve months previous to Van Dorn's termination;

ii.   Permanently enjoining Defendant from utilizing American Family's Confidential Information, Proprietary Information, Company Property, and trade secrets to directly or indirectly contact or solicit any person that was an employee, contractor, or consultant of American Family as a potential customer of American Family's at the time of Van Dorn's termination; and

iii.   Permanently enjoining Defendant from utilizing American Family's trade secrets and confidential information to directly or indirectly take any action which might induce any person or business dealing with American Family to cease dealing with American Family, reduce its level of business with

23883146.v1

American Family's, or otherwise begin dealing with someone other than American Family.

e.    American Family be granted such other and further relief including, but not limited to, an equitable accounting for all profits lost by American Family and/or reaped by Defendant in consequence of their misappropriation, wrongful use and disclosure of American Family's trade secrets, and an accounting as to all persons to whom the Confidential Information, Proprietary Information, and Company Property, or any portion thereof, has been disclosed by Van Dorn as the Court may deem just and proper.

### COUNT III – BREACH OF CONTRACT

81.    All preceding paragraphs are incorporated by reference.

82.    The Agent Agreement is a valid and enforceable contract between American Family and Van Dorn that includes, among other things, post-termination non-solicitation, non-inducement, and non-disclosure obligations on the part of Van Dorn in exchange for due consideration.

83.    Van Dorn breached the contractual he agreed to, which duties are described in the Agent Agreement by, among other things, engaging in the following:

a.    Van Dorn failed to return all Customer Information, Proprietary Information, and/or Customer Property, specifically including the Apex database documents and BOB reports, following his termination from American Family;

b.    Van Dorn continued to use Customer Information, Proprietary Information, and/or Customer Property, specifically including the Apex database

18

documents and BOB reports, following his termination from American Family;

c.     Van Dorn utilized Customer Information, Proprietary Information, and/or Customer Property, specifically including the Apex database documents and BOB reports, in furtherance of Van Dorn Agency; and

d.     Van Dorn is soliciting, assisting in soliciting, inducing, or assisting in inducing American Family customers by using prior access to Customer Information, Proprietary Information, and/or Customer Property in furtherance of Van Dorn Agency, in direct competition with American Family.

e.     Van Dorn has continued to receive and retain contract termination payments in spite of his breaches of the Agent Agreement.

84.     American Family provided all consideration required by the terms of the Agent Agreement and otherwise performed all covenants, obligations, and other conditions precedent to its right to enforce the Agent Agreement against Van Dorn.

85.     Van Dorn's violation of his post-termination non-disclosure, non-solicitation, and non-inducement obligations was willful and knowing.

86.     Despite Van Dorn's knowledge of the breach, Van Dorn has continued his actions in violation of the non-disclosure and non-solicitation obligations.

87.     American Family has been damaged and will continue to be damaged as a direct and proximate result of Van Dorn's actions, in that it has been deprived of the value of the trade secrets it has invested substantial resources in creating, and it has lost and will likely continue to lose business to Van Dorn Agency as a result of Van Dorn's use of American Family's Customer

23883146.v1

Information, Proprietary Information, and/or Customer Property in contravention of Defendant's agreements in the Agent Agreement.

88.     American Family has sustained damages caused directly by Van Dorn's violation of his agreements in the Agent Agreement, including his non-disclosure and non-solicitation obligations.

89.     American Family is entitled to damages and/or the return of all contract termination payments received and retained by Van Dorn after his breaches of the Agent Agreement.

90.     American Family has incurred attorneys' fees and costs in connection with its efforts to enforce the Agent Agreement against Van Dorn and will continue to incur additional attorneys' fees and costs until this matter is resolved.

WHEREFORE, American Family respectfully prays that the Court grant it a judgment against Defendant Van Dorn as follows:

a.     Awarding American Family its damages in an amount to be proven at trial, plus post-judgment interest from the date of judgment until the entire amount is paid in full at the applicable statutory rate.

b.     Entering a permanent injunction:

i.     Requiring Van Dorn to return and/or destroy as appropriate any and all electronic copies of any confidential and proprietary information and documents he obtained while serving as an independent contractor with American Family;

ii.     Enjoining Van Dorn from using or disclosing to any third party any confidential and proprietary information and documents obtained while serving as an independent contractor with American Family;

20

iii. Requiring the return of all contract termination payments made to Van Dorn after his breaches of the Agent Agreement.

c. Awarding American Family its reasonable costs incurred and that will continue to be incurred in connection with enforcing Van Dorn's obligations under the Agent Agreement; and

d. For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, American Family demands a jury trial on all triable issues.

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ W. Perry Brandt*
W. Perry Brandt, #28292MO
Benjamin R. Wesselschmidt, #66321MO
4600 Madison Avenue - Suite 1000
Kansas City, MO 64112
816.627.5332
816.627.5532 (Fax)
pbrandt@sandbergphoenix.com
bwesselschmidt@sandbergphoenix.com

*Attorneys for Plaintiffs American Family Mutual Insurance Company, American Family Life Insurance Company, and American Standard Insurance Company of Wisconsin*

23883146.v1